UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAVIÉR SAVIONNE THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00262-JPH-MG |
| | ) |
| JAY HENDRIX, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Javiér Thurman alleges numerous violations of his rights as a prisoner in the Secured Confinement Unit at Wabash Valley Correctional Facility. Because Mr. Thurman is a prisoner, this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. §§ 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

1

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Thurman asserts claims for damages and injunctive relief against fifteen defendants, each of whom is employed by the Indiana Department of Correction (IDOC) at Wabash Valley Correctional Facility (WVCF). He bases his claims on the following allegations.

Since being moved to the Secured Confinement Unit (SCU) in March 2022, Mr. Thurman has been exposed constantly to black mold (which grows in his cell and in the ventilation system). As a result, he suffers chronic headaches, sore throat, respiratory maladies, and pain in his chest, abdomen, and limbs.

Mr. Thurman has also been regularly exposed to other inmates' fecal waste. He has been moved into cells that were not cleaned after the previous occupant moved out. At least one inmate in the SCU is known for handling his own feces, and staff members do not take proper precautions to prevent the spread of germs from that inmate to the rest of the unit.

## III. Discussion of Claims

"[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). "By prohibiting cruel and unusual punishment," though, "the Eighth Amendment imposes duties on prison officials to 'provide humane conditions of confinement.'" *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "An official who fails to uphold these duties violates the Eighth Amendment upon exhibiting 'deliberate indifference to a substantial risk of harm to an inmate.'" *Id.* (quoting *Farmer*, 511 U.S. at 828).

At the pleading stage, Mr. Thurman has plausibly alleged violations of his Eighth Amendment rights. However, "[l]iability under § 1983 requires personal involvement in the alleged constitutional deprivation." *Estevez v. Lohman,* no. 21-2928, 2022 WL 2383858, at *1 (7th Cir. July 1, 2022) (affirming dismissal of complaint at screening; citing *Colbert v. City of Chicago*, 851 F.3d 649, 657–58 (7th Cir. 2017)). "The plaintiff must demonstrate a causal connection between" each defendant and the constitutional violation he alleges. *Colbert*, 851 F.3d at 657 (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). "Adding the conclusory allegation that the officers 'conspired'" to maintain the unconstitutional conditions "does not make a claim against them plausible." *Johnson v. Gullickson*, no. 22-1016, 2022 WL 2387350, at *3 (7th Cir. July 1, 2022) (affirming dismissal of claims at screening; citing *Colbert*, 851 F.3d at 657).

A.   **Claims that Will Proceed**

The action **will proceed** with Eighth Amendment claims against Jay Hendrix, WVCF's sanitation and safety officer; and Keith McDonald, a maintenance worker assigned to the SCU. The allegations in the complaint support a reasonable inference that the mold and unsanitary conditions in the SCU were so pervasive that officials in their positions knew of and disregarded the conditions and the risks they presented to inmates.

The action **will also proceed** with Eighth Amendment claims against Lieutenant C. Holcomb and Correctional Officers Wayman and Gilbert. Mr. Thurman alleges that he asked these officers for supplies to clean his dangerously unsanitary cell and that they disregarded him. It is reasonably inferable that these defendants had the authority and ability to provide Mr. Thurman with cleaning supplies.

The action **will proceed** with an Eighth Amendment claim against S. Crichfield, the WVCF grievance specialist. Assuming the allegations in the complaint are true—as the Court must at the

pleading stage—Mr. Thurman submitted grievances that alerted Grievance Specialist Crichfield to hazardous conditions regarding mold and human waste. It is not clear that Grievance Specialist Crichfield had the authority or ability to remedy the conditions. Rather than refer the grievances to officials with that authority, however, Grievance Specialist Crichfield deemed them frivolous and rejected them contrary to the grievance policy—thereby preventing the grievances from reaching officials who could address the problems.

Finally, Eighth Amendment claims against Sergeant Keys and Lieutenant Nicholson and Correctional Officers Hill, Shepard, and Baron **will proceed**. Mr. Thurman alleges that he raised concerns about the black mold to Keys and Nicholson but they did nothing about it. Dkt. 1 at 9–10. Mr. Thurman alleges that he raised concerns about exposure to human waste to Hill, Shepard, and Baron because these officers delivered his meal tray and drink without changing gloves "after dealing with an inmate" whom they knew played with feces. *Id.* The officers disregarded his concerns. *Id.*

### B. Claims that are Dismissed

Claims against Thomas Wellington are also **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Thurman alleges that he sent a grievance on March 23, 2022, reporting unsanitary conditions and that he received a response from Mr. Wellington the following day. Dkt. 1 at 10. Mr. Thurman provides no details about the grievance or the response. He does not allege that, like Grievance Specialist Crichfield, Mr. Wellington intentionally prevented information about hazardous conditions from reaching officials who could remedy them. Rather, the complaint suggests that Mr. Wellington received a grievance, considered it, and declined to provide Mr. Thurman's preferred resolution. This alone does not support an inference of a constitutional violation. *See e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against

. . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law . . . ."); *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

For the same reasons, claims against Counselors A. Gonthier and B. Laloux are **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Thurman alleges only that he "sent several request[s]" to these defendants. Dkt. 1 at 11. With no other allegations against the counselors, the Court cannot reasonably infer that they had ability or authority to remedy environmental hazards in Mr. Thurman's unit or that they prevented his requests from reaching appropriate staff members.

Finally, claims against defendant John Doe are **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Thurman describes this defendant as a maintenance worker with responsibilities in his unit and alleges only that he had failed to remedy hazardous conditions. "It is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up); *see also Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (Plaintiff used "John Doe" placeholders in original complaint, then amended after learning defendants' names, but amendments did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error."). If Mr. Thurman identifies the defendant he refers to as John Doe in discovery, he may seek leave to amend his complaint and add claims against that individual.

### IV. Conclusion and Service of Process

The action **will proceed** with the claims identified in Part III(A). The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Thurman believes he asserted claims that the Court did not address, he must notify the Court **no later than January 5, 2023**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants Jay Hendrix, Keith McDonald, Lieutenant C. Holcomb, Officer Wayman, Officer Gilbert, and Grievance Specialist S. Crichfield, Sergeant Keys, Lieutenant Nicholson, Officer Hill, Officer Shepard, and Officer Baron in the manner specified by Rule 4(d). Process will consist of the complaint (dkt [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order. Because all defendants are identified as employees of the IDOC, the **clerk is directed** to serve them electronically.

The **clerk is directed** to **terminate** the following defendants from the docket, as all claims against them have been dismissed: Thomas Wellington, Counselor A. Gonthier, Counselor B. Laloux, and Maintenance Worker John Doe.

**SO ORDERED.**

Date: 12/8/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAVIER SAVIONNE THURMAN
279208
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction employees at Wabash Valley Correctional Facility

    Jay Hendrix
    Keith McDonald
    Lieutenant C. Holcomb
    Officer Wayman
    Officer Gilbert
    Grievance Specialist S. Crichfield
    Sergeant Keys
    Lieutenant Nicholson
    Officer Hill
    Officer Shepard
    Officer Baron